IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JACOB DARRELL LYNN                                                                                    PLAINTIFF

v.                                          Civil No. 4:22-cv-04118

CAPTIAN ADAMS;
WARDEN WALKER; and
NURSE KING                                                                                          DEFENDANTS

## ORDER

Plaintiff, Jacob Darrell Lynn, originally filed this 42 U.S.C. § 1983 action filed *pro se* on December 7, 2022. (ECF No. 1). Plaintiff was granted *in forma pauperis* status on January 3, 2023. (ECF No. 5). All parties consented to have the undersigned conduct all proceedings in this case including a jury or nonjury trial and to order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 21). Currently before the Court, is Plaintiff's failure to comply with the Court's orders.

On March 2, 2023, the Court received mail sent to Plaintiff at his address of record returned as undeliverable and marked "not here." (ECF No. 13). In the Court's initial filing Order, Plaintiff was advised that failure to notify the Court of any address changes within thirty days of the change would result in dismissal of this case. (ECF No. 2).

On April 4, 2023, the Court entered an Order to Show Cause to Plaintiff directing he show cause why he did not inform the Court of a new address. (ECF No. 15). This Order was sent to Plaintiff's address of record at the Miller County Detention Center as that is the only address available to the Court. The Order was also returned as undeliverable mail. (ECF No. 19).[1]

---

[1] The Court has experienced some inadvertent mail returns recently. In an effort to ensure Plaintiff was no longer incarcerated in the Miller County Detention Center (his address of record), this Show Cause Order was entered and mailed.

Plaintiff failed to inform the Court of his new address and has not communicated with the Court since December 28, 2022.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey multiple Court Orders. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 16th day of May 2023.

/s/ Christy Comstock
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE